IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

DANA EDMAN-BONDS, INDIVIDUALLY AND
AS PERSONAL REPRESENTATIVE OF THE ESTATE OF PAYTON JEAN EDMAN
Plaintiff,

vs.

MEMORIAL HOSPITAL OF CARBON COUNTY FOUNDATION
C.R. ENGLAND, INC., AND
VIRGIL HUNTER SUNDAY
Defendants.

_____

**COMPLAINT AND DEMAND FOR JURY TRIAL**
_____

Plaintiff, Dana Edman-Bonds, Individually, and as mother and Personal Representative of The Estate of Payton Jean Edman (hereinafter "Payton") by and through her attorney Thomas R. Peterman, Jr., of Erik G. Fischer, P.C., for her Complaint against Defendants states as follows:

**JURISDICTION AND VENUE**

1. This is an action to recover damages for the wrongful death of Payton Jean Edman, which was proximately caused by the negligent and reckless conduct of Memorial Hospital of Carbon County Foundation operating Memorial Hospital of Carbon County, C.R. England, Inc. and Virgil Hunter Sunday.

2. Jurisdiction of this Court is invoked pursuant to the diversity of citizenship of the Parties pursuant to 28 U.S.C. §1332. Jurisdiction is proper under §1332 as the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states, as set forth more fully below.

3. Venue is proper pursuant to 28 U.S.C. 1391 (a)(2) in this Court because events and parties associated with this death occurred within the District of Colorado.

## PARTIES AND CAPACITIES

4. This claim is brought by Plaintiff Dana Edman-Bonds, individually, and as the surviving mother of Payton, deceased.

5. Dana Edman-Bonds is a citizen of the United States and resident of the State of Colorado.

6. Payton Bonds, formerly Payton Edman-Bonds, at the time of her death was a citizen of the United States and lived with her mother Dana Edman-Bonds in Colorado.

7. Leserio Garcia at the time of his death was the father of Payton and was a citizen of the United States and resident of Colorado.

8. Defendant, Memorial Hospital of Carbon County Foundation, is a corporation organized pursuant to the laws of Wyoming and conducting business in Carbon County, Wyoming as Memorial Hospital of Carbon County. At all times relevant, this Defendant maintained an agent for service of process with Stephanie Hinkle, 2221 Elm Street, Rawlings, WY 82301.

9. At all times material hereto Memorial Hospital of Carbon County Foundation was acting by and through their employees/agents and are responsible for the acts of those employees and agents pursuant to the legal doctrines of respondeat superior, agency, negligent entrustment, negligent hiring of an independent contractor, or other similar theories of law.

10. Michael Wilder, was a citizen of the United States and the state of Wyoming, residing in Carbon County, Wyoming. At all times relevant to the matters complained of, Michael Wilder, who is now deceased, was an EMT/Paramedic with the Memorial Hospital of Carbon County Foundation and was responsible for ascertaining whether Payton was alive at the scene of the crash and transportation of the critically injured patient Payton.

11. Tiffany Gruetzmacher, is a citizen of the United States and the state of Wyoming, residing in Carbon County, Wyoming. At all times relevant to the matters complained of, Tiffany Gruetzmacher was an EMT/Paramedic with the Memorial Hospital of Carbon County Foundation and was responsible for ascertaining whether Payton was alive at the scene of the crash and transportation of the critically injured patient Payton.

12. Defendant, C.R. England, Inc., is a corporation organized pursuant to the laws of Utah and conducting business in Colorado, Wyoming and throughout the western United States. At all times relevant, this Defendant maintained an agent for service of process with Corporation Service Company, 1900 W. Littleton Boulevard, Littleton, CO 80120.

13. Defendant, Virgil Hunter Sunday, is a citizen of the United States and the state of Arkansas, residing in Benton County, Arkansas. At all times relevant to the matters complained of, Virgil Hunter Sunday was a truck driver and was employed by Defendant C.R. England, Inc. and acting in that capacity on the date and time of the crash described below and engaged in interstate commerce on behalf of the Defendant C.R. England, Inc.

## ALLEGATIONS OF FACT

14. Late in the evening on September 14, 2018 Leserio Garcia of Windsor, Colorado left his home in Windsor, Colorado with his ten-year-old daughter, Payton, in his 2018 Chevrolet Cruze.

15. Payton was a front seat passenger in the Chevrolet Cruze.

16. Upon information and belief, Mr. Garcia and Payton were making a quick trip to Wyoming to visit the grave site of Payton's grandfather. They intended to return to Colorado later that same night.

17. Mr. Garcia was traveling westbound on Highway 80 near milepost 239 in Carbon County, Wyoming in the early morning of September 15, 2018.

18. Around the same time, Defendant, Virgil Sunday, had parked a 2017 Freightliner tractor-trailer owned by Defendant C.R. England, Inc. just over the fog line off the roadway on Highway 80 westbound near milepost 239.

19. There was no emergency that required Mr. Sunday to pull over onto this dark and narrow shoulder on Highway 80.

20. Mr. Garcia, operating the Chevrolet Cruze, crossed just over the fog line near milepost 239 and struck the driver side rear of the parked tractor-trailer forward to the dual trailer axles.

21. Upon information and belief, after the impact the Chevrolet Cruze rolled to the left and off the roadway coming to rest on its roof in the median. Mr. Garcia was thrown from the vehicle and died at the scene. Payton remained in the car as she was seat belted in the front passenger's seat.

22. Upon information and belief, EMTs/Paramedics Michael Wilder and Tiffany Gruetzmacher of Defendant Memorial Hospital of Carbon County Foundation, arrived at the scene of the crash and pronounced Mr. Garcia and Payton dead. Payton was still hanging upside down by her seat belt in the passenger seat of the vehicle.

23. Upon information and belief, Mr. Sunday did not place any flares or reflective triangles or anything that would constitute "three warning devices" behind the tractor-trailer to warn other motorists driving west on Highway 80 that the tractor-trailer was just across the fog line off the road on the shoulder.

24. It was night-time hours with no sources of artificial lighting. The moon was waxing

crescent.

25. Upon information and belief, Mr. Sunday was not experiencing any mechanical problems with the tractor-trailer when he pulled off the highway onto the shoulder of the road nor did he pull over because of an emergency.

26. Upon information and belief Mr. Sunday had been stopped just off the road for at least five (5) minutes when the crash occurred.

**Arrival and involvement of Emergency Response Personnel:**

27. On September 15, 2018, at approximately 00:08:45 a.m., EMS units with the Memorial Hospital of Carbon County Foundation were dispatched and responded to a motor vehicle accident involving traumatic injuries to Payton, a minor.

28. The ambulance arrived on the scene at 00:12:40 a.m. and Carbon County Fire arrived on the scene at 00:46:45 a.m.  The EMTs/Paramedics included Michael Wilder and Tiffany Gruetzmacher working for Memorial Hospital of Carbon County Foundation/Memorial Hospital of Carbon County.  EMTs/Paramedics Michael Wilder and Tiffany Gruetzmacher were the EMTs/Paramedics who supposedly checked Payton for vital signs, determined that she was dead and, therefore, did not initiate efforts to resuscitate her.

29. Without checking the pupils or otherwise manually rechecking for the existence of Payton's pulse, without retrieving or using a cardiac monitor, without retrieving and using a stethoscope to listen for heartbeat or respiratory movement, and without taking any further steps to determine if Payton was alive, the EMTs/Paramedics did nothing.  A short time later, the ambulance left with no patients inside.  At 01:17:50 a.m. EMS returned from the scene of the accident.

30. At 00:44:32 a.m. the Coroner was called and at 01:12:10 a.m. arrived at the scene

of the crash.

31. At approximately 01:30 a.m., while Payton was being removed from the vehicle by firefighters (EMTs/Paramedics Michael Wilder and Tiffany Gruetzmacher had left Payton hanging upside down by her seatbelt in the crashed vehicle when they pronounced her dead) Carbon County Coroner Paul Zamora observed signs of life in Payton - bloody air bubbles coming from her mouth and nose as she was lying in a body bag.  Coroner Zamora cleaned her nose and mouth and then noticed more bubbles.  He asked for a stethoscope and checked for a pulse. Coroner Zamora heard a brady cardiac rate at 10 to 12 beats per minute. EMS was called back out to the scene and CPR and bagging were started.  It took EMS 30 minutes to return to the scene.  Payton was pronounced dead, for the second and final time, at 1:59 a.m.

## FIRST CLAIM FOR RELIEF
## NEGLIGENCE OF DEFENDANT MEMORIAL HOSPITAL OF CARBON COUNTY FOUNDATION

32. Paragraphs 1 through 31 are realleged and incorporated herein by reference.

33. The actions and inactions of EMTs/Paramedics Michael Wilder and Tiffany Gruetzmacher are attributable to their employer, Memorial Hospital of Carbon County Foundation, which directs, maintains and operates the Memorial Hospital of Carbon County and its emergency response team.

34. EMTs/Paramedics Michael Wilder and Tiffany Gruetzmacher, employees and agents of Defendant Memorial Hospital of Carbon County Foundation, negligently:

    a. failed to conduct an adequate assessment of Payton;

    b. failed properly and adequately to check Payton for the existence of vital signs;

    c. failed to verify the absence of vital signs, manually or by instruments;

      d.      failed to check Payton's pupils;

      e.      failed to retrieve or use an available cardiac monitor;

      f.      failed to retrieve or use an available stethoscope to listen for heartbeat or respiratory movement;

      g.      failed to determine the presence of breathing;

      h.      failed to undertake resuscitation efforts;

      i.      failed to render emergency medical care;

      j.      failed to provide any medical care or treatment;

      k.      failed to recognize the seriousness of Payton's condition or extent of injuries;

      l.      failed to perform prescribed procedures;

      m.      failed to perform prescribed procedures competently;

      n.      failed to reevaluate Payton's condition or recheck for the existence of a pulse or other vital signs.

35.      The acts of the EMTs/Paramedics Michael Wilder and Tiffany Gruetzmacher, employees and agents of Memorial Hospital of Carbon County Foundation, were negligent, reckless and showed a conscious disregard of the consequences or heedless indifference to Payton's rights.

36.      As a direct and proximate result of the actions and inaction of the Defendant Memorial Hospital of Carbon County Foundation by and through its agents and employees as described above, Payton died.

37.      As a direct and proximate result of Defendant Memorial Hospital of Carbon County Foundation's negligence, Dana Edman-Bonds as sole surviving parent, suffered damages including, but not limited to, grief, loss of companionship, impairment of the quality of life,

inconvenience, pain and suffering, emotional distress, other noneconomic damages, and past and future economic damages including, but not limited to, funeral/cremation/burial/internment expenses and pecuniary loss in the form of the financial benefit the Plaintiff might have reasonably have expected to receive from Payton had she lived in amounts to be proven at trial.

**SECOND CLAIM FOR RELIEF**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
**(DEFENDANTS MEMORIAL HOSPITAL OF CARBON COUNTY FOUNDATION, C.R. ENGLAND INC, AND VIRGIL HUNTER SUNDAY)**

38.   Paragraphs 1 through 37 are realleged and incorporated herein by reference.

39.   Defendants engaged in negligent conduct which caused Plaintiff Dana Edman-Bonds to suffer severe emotional distress.

40.   Dana Edman-Bonds suffered severe trauma and distress when informed that Payton was dead.

41.   Dana Edman-Bonds has suffered from depression as a result of the negligent actions and inactions of the Defendants.

42.   It was a reasonably foreseeable and proximate result of Defendants' conduct and actions that such negligence would cause Dana Edman-Bonds severe emotional distress.

43.   Defendants' negligent conduct and actions did, in fact, cause Dana Edman-Bonds severe emotional distress, and as a direct and proximate result of Defendants' negligence, Dana Edman-Bonds as sole surviving parent, suffered damages including, but not limited to, grief, loss of companionship, impairment of the quality of life, inconvenience, pain and suffering, emotional distress, other noneconomic damages, and past and future economic damages including, but not limited to, funeral/cremation/burial/internment expenses and pecuniary loss in the form of the financial benefit the Plaintiff might have reasonably have expected to receive from Payton had she lived in amounts to be proven at trial.

**THIRD CLAIM FOR RELIEF**
**NEGLIGENCE CAUSING WRONGFUL DEATH**
**(AGAINST C.R. ENGLAND, INC.)**

44.     Paragraphs 1 through 43 are realleged and incorporated herein by reference.

45.     At all times material hereto, C.R. England, Inc. was acting by and through their employees/agents and are responsible for the acts of those employees and agents pursuant to the legal doctrines of respondeat superior, agency, negligent entrustment, negligent hiring of an independent contractor, or other similar theories of law.

46.     At all times material hereto, C.R. England, Inc. was subject to and required to obey the minimum safety standards established by the Federal Motor Carrier Safety Regulations (FMCSR) (49 CFR §301-399).

47.     As a direct and proximate result of Defendant's negligence, Dana Edman-Bonds as sole surviving parent, suffered damages including, but not limited to, grief, loss of companionship, impairment of the quality of life, inconvenience, pain and suffering, emotional distress, other noneconomic damages, and past and future economic damages including, but not limited to, funeral/cremation/burial/internment expenses and pecuniary loss in the form of the financial benefit the Plaintiff might have reasonably have expected to receive from Payton had she lived in amounts to be proven at trial.

**FOURTH CLAIM FOR RELIEF**
**NEGLIGENCE CAUSING WRONGFUL DEATH**
**(AGAINST VIRGIL HUNTER SUNDAY)**

48.     Paragraphs 1 through 47 are realleged and incorporated herein by reference.

49.     Prior to the subject motor vehicle collision, Virgil Hunter Sunday failed to exercise reasonable and ordinary care by disregarding the actual and potential hazards, including without limitation the following:

    a.    Virgil Hunter Sunday failed to activate the four-way flashers when parking the tractor-trailer;

    b.    Virgil Hunter Sunday failed to set out emergency triangles when parking the tractor-trailer on the shoulder of the highway for more than ten minutes;

    c.    Virgil Hunter Sunday failed to set out flares when parking the tractor-trailer on the shoulder of the highway;

    d.    Virgil Hunter Sunday failed to perform any other safety precautions when parking the tractor-trailer.

50. The tractor-trailer driven by Virgil Hunter Sunday was driven with express and/or implied permission and at the direction of the Defendant C.R. England, Inc.

51. At the time and place of this wreck, Virgil Hunter Sunday was generally negligent under the circumstances then and there existing in that he:

    a.    failed to park the tractor-trailer in a safe and prudent manner in view of the conditions which existed at the time of the wreck;

    b.    failed to park the tractor-trailer in a manner considerate of the safety and lives of the other persons lawfully on the road;

    c.    failed to park his tractor-trailer in a lawfully authorized location;

    d.    failed to properly warn the public of the parked tractor-trailer;

    e.    such other actions or inactions that may be shown at the hearing of this cause.

52. Virgil Hunter Sunday was subject to the FMCSR 49 CFR §301-399.

53. Virgil Hunter Sunday will be shown at trial to have violated one or more of the FMCSR, which constitutes evidence of negligence, including but not limited to:

    a.   §383 Commercial Driver's License Standards;

    b.   §390 General;

    c.   §391 Qualifications of Drivers;

    d.   §392 Driving of Commercial Motor Vehicles; and

    e. §393 Parts and Accessories Necessary for Safe Operation.

  54. As a direct and proximate result of Defendant's negligence, Dana Edman-Bonds as sole surviving parent, suffered damages including, but not limited to, grief, loss of companionship, impairment of the quality of life, inconvenience, pain and suffering, emotional distress, other noneconomic damages, and past and future economic damages including, but not limited to, funeral/cremation/burial/internment expenses and pecuniary loss in the form of the financial benefit the Plaintiff might have reasonably have expected to receive from Payton had she lived in amounts to be proven at trial.

## PRAYER FOR RELIEF

  WHEREFORE, the Plaintiff requests that this Court enter judgment in favor of Plaintiff and against Defendants for the following relief:

  1. Damages for Plaintiff including, but not limited to, grief, loss of companionship, impairment of the quality of life, inconvenience, pain and suffering, emotional distress, other economic damages, and past and future economic damages including, but not limited to, funeral/cremation/burial/internment expenses and pecuniary loss in the form of the financial benefit the Plaintiff might reasonably have expected to receive from Payton had she lived, in an amount of Five Million and No Cents ($5,000,000.00).

  2. Prejudgment and post-judgment interest, to the fullest extent permitted by law;

  3. Costs of suit;

  4. Reasonable attorney fees, to the fullest extent provided for by law; and

  5. Such other and further relief as the Court deems necessary, proper and just under the circumstances.

## JURY DEMAND

PLAINTIFF MAKES DEMAND FOR TRIAL BY JURY ON ALL CLAIMS.

Dated this 15th day of September 2020.

Respectfully submitted,
**ERIK G. FISCHER, P.C.**
*/s/ Thomas R. Peterman, Jr.*
Thomas R. Peterman, Jr., #50292

Plaintiff's Address:
12762 Bellaire Street
Thornton, CO 80241